IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DETROIT ACTION; <br> and RAHIMA BEGUM; <br>     Plaintiffs, <br><br> v. <br><br> CITY OF HAMTRAMCK, MICHIGAN; <br> OFFICE OF THE CITY CLERK; <br> And the CITY CLERK, in her/his official capacity as City Clerk in the City of Hamtramck; <br><br>     Defendants. | CIVIL ACTION NO. _____ <br><br><br> COMPLAINT <br><br><br><br> (              ) |

## **COMPLAINT**

Plaintiffs, Detroit Action and Rahima Begum, (collectively "Plaintiffs"), by their undersigned attorneys, allege for the Complaint against the City of Hamtramck, the Office of the City Clerk, the City Clerk, in her/his official capacity as City Clerk, (collectively "Defendants") named herein, as follows:

1. Plaintiffs file this action seeking injunctive and declaratory relief pursuant to the Voting Rights Act of 1965 provisions requiring bilingual language assistance ("Section 203"), as amended, 52 U.S.C. §§ 10503, and 42 U.S.C. § 1983. Section 203 requires a covered jurisdiction to provide election information and assistance to limited English proficient voters so that those voters can effectively and fully participate in the electoral process.

2.     The City of Hamtramck has been covered under Section 203 for Bengali language assistance since October 13, 2011 and is therefore required, among other things, to provide in Bengali all of the election information it provides in English, including ballots and its election website. However, Defendants, who are responsible for conducting elections in the City of Hamtramck, have, in violation of their legal obligations, failed and refused: (a) to make clear, complete and accurate translations of the ballot or sample ballot; (b) to translate any part of the City of Hamtramck's election website; and (c) to recruit, train and assign a sufficient number of Bengali-speaking poll workers and interpreters to provide effective Bengali-language assistance to Bengali-speaking voters in the City of Hamtramck. Further, Defendants have been specifically notified of these Section 203 violations in a letter from AALDEF dated April 20, 2020, when Defendants failed to provide, in Bengali language, election information, including candidate qualifying information, related to the August 4, 2020 Special Election to fill the vacancy in state House District 4.

## JURISDICTION

3.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343. The events or omissions giving rise to this claim arise under the laws of the United States. With regard to the § 1983 claim, Plaintiffs seek redress for the deprivation of a privilege secured by Section 203, under the color of State law.

## VENUE

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391. The events or omissions giving rise to this claim occurred in this District.

**PARTIES AND STANDING**

6. Plaintiff Detroit Action is a membership organization[1] whose activities include promoting the involvement of black and brown community members in electoral processes. Detroit Action has approximately 5,500 members across the greater Detroit Area, which includes members in Hamtramck. Many of Detroit Action's activities—such as civic engagement, voter registration, providing voting information during Get out the Vote work—take place in Hamtramck. Detroit Action emphasizes meeting the needs of limited English proficient Asian Americans and encouraging Asian American civic participation. It desires to protect the rights of Bangladeshi Americans under the Voting Rights Act of 1965.

7. Detroit Action has been working to address challenges facing Hamtramck's limited-English proficient Bengali-speaking voters. For instance, during the 2020 presidential election, Detroit Action:

    (a)    notified Hamtramck of errors in its Bengali sample ballots that rendered them incomprehensible;

    (b)    helped to translate Hamtramck's Bengali sample ballot with the Michigan Secretary of State;

    (c)    sent out "scattershot flurries of texts" to Bangladeshi American voters in Hamtramck to inform them of a corrected Bengali-language sample ballot available on their website, after Hamtramck's City Clerk sent out an error-riddled sample ballot;

    (d)    published digital ads and mailers in Bengali to help Hamtramck's limited English proficient Bengali-speaking voters understand the voting process;

---

[1] Detroit Action is a fiscally sponsored project of Tides Advocacy, a California nonprofit corporation.

3

(e) connected limited English proficient Bengali-speaking voters with the Michigan state website for election materials, as no Bengali-language materials were provided on Hamtramck's website;

(f) employed Bengali-speaking staff to make calls to the Hamtramck area to provide translated voting information during their Get out the Vote efforts; and

(g) trained poll workers and observers on limited-English proficient Bangladeshi American voters' rights in Hamtramck.

8. Detroit Action expended its limited funds and other resources to provide Bangladeshi American voters in Hamtramck guidance in Bengali on Hamtramck's English language registration and voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots.

9. Detroit Action's efforts would have been unnecessary, and the expenses not incurred, if Hamtramck and its City Clerk had complied with their obligations under Section 203. Detroit Action satisfies this Circuit's diversion of resources theory of organizational standing.

10. Plaintiff Rahima Begum ("Begum") is a Bangladeshi American, Bengali-speaking, limited English proficient, registered voter who has resided in the City of Hamtramck for approximately the last ten years. She desires to participate in the electoral process equally with other citizens, but because of the Defendants' failure to comply with § 203 has instead had to rely on her English-speaking bilingual children to assist her with the voting process. She desires to preserve her rights under the Voting Rights Act of 1965 to be effectively informed and participate effectively in voting connected activities.

11. Plaintiff Begum would have been able to effectively exercise her right to vote, and independently cast a fully-informed ballot, if Hamtramck and its City Clerk had complied with their obligations under Section 203. Plaintiff satisfies this Circuit's standing requirements.

12. Defendant City of Hamtramck (hereafter "Hamtramck") is a political and geographical subdivision of the State of Michigan in the United States of America. It is responsible for administering elections in Hamtramck, under the laws of Michigan and the Hamtramck City Charter *See* M.C.L.A. §§ 168.25, .26, .27 (2012); HAMTRAMCK CTY. CHARTER § 3-16.

13. Defendant City Clerk, Hamtramck City Clerk, formerly August Gitschlag who resigned on May 21, 2021, and his successors, is/are responsible for administering elections in Hamtramck, under the laws of Michigan and the Hamtramck City Charter *See* M.C.L.A. §§ 168.25, .26, .27 (2012); HAMTRAMCK CTY. CHARTER § 3-16. Defendant City Clerk is sued in her/his official capacity.

## FACTUAL ALLEGATIONS

**The City has been Covered Under Section 203 of the Voting Rights Act Since 2011**

14. According to the 2010 Census, Hamtramck had a total population of 22,425 persons, of whom 12,645 were the total citizen voting age population. According to the Census Bureau's latest American Community Survey ("ACS") from the 2010–2014 5-year data, the total citizen voting age population decreased to 10,865. Of Hamtramck's total citizen voting age population, 960, or 8.8%, were Bangladeshi American. Of Hamtramck's total citizen voting age population, 570 were limited English proficient Bengali-speaking persons, or 5.2% of the total citizen voting age population.

15. Section 203 of the Voting Rights Act of 1965, as amended, sets forth the bilingual language assistance requirements for covered jurisdictions. A jurisdiction is covered under Section

5

203 if the Director of the Census Bureau (the "Director") determines that: (a) more than 5 percent or 10,000 or more of the citizens of voting age of the jurisdiction are members of a single language minority and are limited-English proficient, and (b) the illiteracy rate of the citizens in the language minority as a group is higher than the national illiteracy rate. *See* 52 U.S.C. § 10503(b)(2)(A).

16. On October 13, 2011, the Director designated Hamtramck as a covered jurisdiction for Bengali language assistance based on the 2010 Census. *See* 76 Fed. Reg. 63,602–63,607 (October 13, 2011). The bilingual language assistance requirements of Section 203 became effective for Hamtramck on that day. *See* 52 U.S.C. § 10503(b)(4); 28 C.F.R. § 55.4(a)(2). The Director's determination that Hamtramck is covered by Section 203 is final and "not subject to review in any court." *See* 52 U.S.C. § 10503(b)(4); 28 C.F.R. § 55.4(a)(2).

17. Because Hamtramck is subject to the requirements of Section 203, "any registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Hamtramck provides in English must also be provided in Bengali. *See* 52 U.S.C. § 10503(c).

18. Under the mandates of Section 203, the City Clerk of Hamtramck (hereinafter "City Clerk") and the City of Hamtramck (hereinafter "Hamtramck") have been required to provide any registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, in Bengali since 2011. *See* 52 U.S.C. § 10503(c).

19. According to the regulations interpreting Section 203, translated "materials and assistance should be provided in a way designed to allow members of applicable minority groups to be effectively informed of and participate effectively in voting-connected activities." *See* 28 C.F.R § 55.2(b)(1). The regulations also state: "A jurisdiction is more likely to achieve compliance with these requirements if it has worked with the cooperation of and to the satisfaction of

6

organizations representing members of the applicable language minority group." *See* 28 C.F.R. § 55.16. Finally, the regulations state, "(i)t is essential that material provided in the language of a language minority group be clear, complete and accurate." *See* 28 C.F.R. § 55.19 (b).

### The City is in Violation of Section 203

20. Defendants have not provided effective registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots in Bengali to limited English proficient Bangladeshi Americans as required by Section 203, since 2011 up to and including the 2020 March Primary Election, the August Special Primary Election and the November General Election. Allegations include, but are not limited to, the following:

(a) failing to provide an accurate 2020 General Election Bengali sample ballot. Defendants' Bengali sample ballot was incomprehensible. Among other errors, it included misspellings and vowels in the wrong places, and used an improper dialect for the Bangladeshi American people in Hamtramck, rendering the translations nonsensical;

(b) providing incorrect instructions for the straight party ticket on the 2020 General Election Bengali sample ballots;

(c) failing to provide Bengali language Democratic ballots to voters during the 2020 Primary Election at the Community Center from 7AM until 6PM, when a poll worker found the Bengali Democratic ballots under stacks of other items on the poll workers' table. Only Bengali language Republican ballots were available to voters all-day;

(d) failing to recruit, hire, train, and assign adequate numbers of interpreters and bilingual poll workers to assist limited English proficient Bangladeshi Americans at poll sites for the full election day;

7

(e) during the 2020 Primary Election, Bengali-speaking bilingual poll workers were assigned to one precinct at the Community Center and were not permitted to provide Bengali language assistance at the other two precincts at the Community Center to voters who requested their assistance;

(f) during the 2020 General Election, no Bengali-speaking poll workers were available at the Community Center until 11AM;

(g) during the 2020 General Election, only two Bengali-speaking poll workers were working at the Community Center after 11AM ;

(h) during the 2020 General Election, no poll workers were assigned and available to give bilingual directions to Bengali-speaking voters seeking assistance at the entrance of the Community Center;

(i) during the 2020 General Election, no bilingual interpreters were assigned to provide Bengali assistance at Community Center until 7PM, after repeated requests were made by Bengali community members;

(j) failing to adequately train all poll workers about voters' rights to Bengali language forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots;

(k) failing to adequately train all poll workers to offer and make available bilingual ballots to limited English proficient voters, and instead providing bilingual ballots only upon request;

(l) failing to adequately train all poll workers in cultural sensitivity and respect towards limited English proficient voters, and failing to prevent rude and hostile behavior and

8

comments from poll workers towards limited English proficient voters and Bangladeshi American community members on election day;

(m) rejecting community organizations' offers of assistance in recruiting bilingual poll workers and interpreters before election day to ensure the assignment of an adequate number bilingual poll workers and interpreters on election day;

(n) failing to provide adequate bilingual materials and signage at the Community Center, including Bengali signs outside or inside the polling site and signage to help Bengali-speaking voters understand where, how, and from whom to seek language assistance;

(o) failing to cooperate and respond to AALDEF's April 20, 2020 letter which described Defendants' 203 noncompliance, including its English-only website; and

(p) failing to translate into Bengali the City Clerk's and Elections English-only websites.

21. From at least April 20, 2020 to May 25, 2021, the following voting information provided by the City Clerk on Hamtramck's website was not translated from English to Bengali:

(a) Voter registration information;

(b) Information about Hamtramck election dates;

(c) Information about contacting the City Clerk's office for more information;

(d) Information about being placed on the permanent absentee ballot list;

(e) Information about precinct locations in Hamtramck;

(f) Information about forthcoming sample ballots;

(g) Information about election results;

(h) Candidate packets for the 2020 Special Election to fill the vacancy in state House District 4; and

(i) Candidate packets for the 2021 Hamtramck city election.

9

(j) Information about absentee ballots. The link to this information on the Secretary of State's website is in English only.

CITY OF HAMTRAMCK, *City Clerk*, https://hamtramck.us/clerk/ (last visited May 25, 2021); CITY OF HAMTRAMCK, *Elections*, https://hamtramck.us/clerk/elections/ (last visited May 25, 2021).

22. Because of Defendants' failure to provide voting information in Bengali, limited English proficient Bangladeshi Americans, like Rahima Begum, encountered difficulties in effectively exercising their right to vote, and casting a fully-informed ballot.

23. AALDEF provided written notice to City Clerk of Defendants' 203 noncompliance over a year ago, on April 20, 2020.

24. AALDEF, the Organizational Plaintiff, voters, and community groups have sought to work cooperatively with the City Clerk and Hamtramck to effectively meet the requirements of Section 203 for its Bangladeshi American citizens for over a year.

25. In November 2020, Defendants continued to fail to meet the Section 203 requirements. Defendants' failure to act, in their official capacity, has deprived Plaintiffs of their Section 203 rights and privileges. *See* 42 U.S.C. § 1983.

## FIRST CAUSE OF ACTION

### (VIOLATION OF SECTION 203)

26. Plaintiffs hereby reallege and incorporate paragraphs (1) through (25).

27. Defendants have not provided effective forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, in Bengali to limited English proficient Bangladeshi Americans as required by Section 203. And, because of this, the Organizational Plaintiffs needed to divert their resources to support these voters. *See Zynda v. Arwood*, 175 F.Supp.3d 791, 804-07 (E.D. Mich. 2016).

10

28. Defendants' failure to provide Plaintiff Begum and Plaintiff Detroit Action's members and other limited English proficient Bangladeshi Americans in Hamtramck with Bengali language forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots constitutes a violation of Section 203. It does provide some of this material but it is not clear, complete, and accurate, or it is in the wrong dialect.

29. Unless enjoined by this Court, Defendants will continue to violate Section 203 by failing to effectively provide Hamtramck's limited English proficient Bangladeshi Americans with Bengali language election information and assistance.

## SECOND CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1983)

30. Plaintiffs hereby reallege and incorporate paragraphs (1) through (25).

31. Under the mandates of Section 203, Hamtramck is required to provide effective forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, translated into Bengali. *See* 52 U.S.C. § 10503(c).

32. In violation of Section 203, Defendants and their employees and agents failed to provide effective forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots in Bengali.

33. Under the elements of 42 U.S.C. § 1983, Defendants acted "under color of" state law and caused "the deprivation of" Plaintiffs rights and privileges secured by Section 203. 42 U.S.C. § 1983.

34. And, because of this, the Organizational Plaintiffs needed to divert their resources to support these voters. *See Zynda v. Arwood*, 175 F.Supp.3d 791, 804-07 (E.D. Mich. 2016).

35. By depriving Plaintiffs and voters of rights and privileges under Section 203 of the VRA "under the color of" state law, Defendants have violated and are liable under 42 U.S.C. §1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an order:

(1) With respect to Plaintiffs' Sections 203 and 1983 Causes of Action:

(a) Declaring that Defendants have failed to provide effective Bengali language forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, and on their website, to limited English proficient Bangladeshi Americans in violation of Section 203 of the Voting Rights Act, 52 U.S.C. § 10503;

(b) Enjoining Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from failing to provide effective Bengali language forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, and on their website to limited English proficient Bangladeshi Americans as required by Section 203, 52 U.S.C. § 10503;

(c) Requiring Defendants to take such actions as will ensure that limited English proficient Bangladeshi Americans are effectively informed of and able to participate effectively in all phases of the electoral process, in full compliance with Section 203, 52 U.S.C. § 10503;

(d) Requiring Defendants to devise, publicize, and implement a remedial plan to ensure that limited English proficient Bangladeshi Americans are able to

participate in all phases of the electoral process as required by Section 203, 52 U.S.C. § 10503; and

(2) Awarding Plaintiffs the costs and disbursements associated with the filing and maintenance of this action together with their reasonable attorneys' fees, pursuant to 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988; and

(3) Granting Plaintiffs any other equitable and further relief as this Court deems just and proper.

Dated: June 3, 2021

**Asian American Legal Defense and Education Fund ("AALDEF")**
 */s/*
Susana Lorenzo-Giguere
Jerry Vattamala
99 Hudson Street
New York, NY 10013
Telephone: 212.966.5932
Facsimile: 212.966.4303
slorenzo-giguere@aaldef.org
jvattamala@aaldef.org
APPLICATIONS PENDING

**Salvatore, Prescott, Porter and Porter**
 */s/ Sarah Prescott*
Sarah Prescott
105 East Main Street
Northville, MI 48167
Telephone: 248.679.8711
Facsimile: 248.773.7280
prescott@spplaw.com

*ATTORNEYS FOR PLAINTIFFS*