IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DETROIT ACTION;<br>And RAHIMA BEGUM;<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF HAMTRAMCK, MICHIGAN;<br>OFFICE OF THE CITY CLERK<br>And the CITY CLERK, in his/her official<br>capacity as the City Clerk in the City of<br>Hamtramck<br>    Defendants. | CIVIL ACTION NO. 21-11315<br>HON. MARK A GOLDSMITH<br><br><u>CONSENT DECREE</u><br><br><br>(           ) |

**CONSENT DECREE AND ORDER**

This action arose out of elections that have taken place in Hamtramck, Michigan since October 13, 2011. On October 13, 2011, the City of Hamtramck was designated as a jurisdiction covered under Section 203, as amended, 52 U.S.C. § 10503(c), for Bengali language assistance requirements of Section 203. Those requirements became effective on that day. 76 Fed. Reg. 63,602–63,607 (October 13, 2011). Under Section 203, the City of Hamtramck and the City Clerk of Hamtramck, collectively known as Defendants, have been required to provide any registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, in Bengali since 2011. However, Defendants did not meet these requirements. Consequently, Plaintiffs[1] initiated this instant action pursuant to Section 203.

Defendants want to ensure that all citizens enjoy an equal opportunity to participate in the electoral process. Defendants are dedicated to ensuring that all future elections in the City of Hamtramck operate in a manner that ensures access and full participation in the electoral process to all citizens, including limited-English proficient Bangladeshi-Americans. Defendants recognize that the current electoral process does not adequately include limited-English proficient Bangladeshi-Americans because it fails to provide them with effective registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots in Bengali as Section 203 requires.[2] As set forth herein, Defendants

---

[1] Plaintiff Detroit Action is a project of Tides Advocacy (dba "Detroit Action").
[2] According to 28 C.F.R. 55.12, Implementation of the Provisions of the Voting Rights Act Regarding Language Minority Groups: Language Used for Written Materials "…the language that is used for election materials is the one *most widely used* by the jurisdiction's voting-age citizens who are members of the language minority group," [emphasis added]. According to 28 C.F.R. 55.13, Implementation of the Provisions of the Voting Rights Act Regarding Language Minority Groups: Language Used for Oral Assistance "…the jurisdiction's obligation is to ascertain the dialects that are *commonly used* by members of the applicable language minority group in the jurisdiction and to provide oral assistance in such dialects," [emphasis added].

2

hereby commit to ensure that the electoral process in the City of Hamtramck will provide access to limited-English proficient Bangladeshi-Americans in all future elections, and that all electoral materials will be provided in, at least, English and Bengali, as required under Section 203. The parties have conferred in good faith and have agreed to entry of this Consent Order and Decree as an appropriate resolution of the claims alleged.

**Stipulated Facts**

The parties have stipulated to the following facts relevant to the Court's jurisdiction in this matter:

1. The City of Hamtramck (hereafter "City of Hamtramck" or the "City") is a political and geographical subdivision of the State of Michigan.

2. The City Clerk of Hamtramck (hereafter "City Clerk") is responsible for conducting elections in the City of Hamtramck under the laws of Michigan and the Charter of Hamtramck. See M.C.L.A. §§ 168.25, .26, .27 (2012); HAMTRAMCK CTY. CHARTER § 3-16.

3. According to the 2010 Census, the City of Hamtramck had a total population of 22,425. The Census also reported that the City had a total voting age population of 12,645. But according to the Census Bureau's latest American Community Survey ("ACS") from the 2010–2014 5-year data, the total citizen voting age population decreased to 10,865. According to this data, of Hamtramck's total citizen voting age population, 960 (8.8%) were Bangladeshi American. According to this data, of Hamtramck's total citizen voting age population, 570 limited English proficient Bengali-speaking persons, or 5.2% of the total citizen voting age population.[3]

---

[3] According to the latest ACS data, Hamtramck's total population of 21,822 is divided geographically into the four polling places as follows: Polling Place 1) Housing Administrative Building, (Precinct 1) 1,839 total population (266 Bangladeshi population); Polling Place 2) Community Center (Precincts 2, 3 and 4) 12,220 total population (2,716 Bangladeshi population); Polling Place 3) Senior Plaza (Precinct 5, 7) 5,542 total population (479 Bangladeshi population); Polling Place 4) Peoples Community Center (Precinct 6) 2,222 total population (135 Bangladeshi population).

4. The Census Bureau has designated the City of Hamtramck as subject to the requirements of Section 203 of the Voting Rights Act for Bengali. *See* 52 U.S.C.A. § 10503; *see also* 76 Fed. Reg. 63, 602–63, 607 (Oct. 13, 2011). The Director's determination that Hamtramck is covered by Section 203 is final and "not subject to review in any court." *See* 52 U.S.C. § 10503(b)(4); 28 C.F.R. § 55.4(a)(2).

5. The City of Hamtramck conducts its own municipal elections, as well as county, state, and federal elections in which voters in the City also vote. *See* MICH. STAT. § 168.25, .26, .27 (2012). The allegations of the Complaint and the terms of this Consent Decree and Order (hereinafter, "Consent Decree") apply to all elections which Defendants have authority to conduct.

6. Section 203 requires Defendants to accurately translate written election materials and information into Bengali, including but not limited to ballots, information about voter registration, polling place locations, dates of elections, and other election related information; to hire and train adequate numbers of Bengali-speaking bilingual poll workers to assist limited-English proficient Bangladeshi American voters; and to provide certain election related information, including but not limited to information publicizing elections and voter registration information in a manner that provides limited-English proficient Bangladeshi American citizens an equal and effective opportunity to be informed about election related activities.

    A. Plaintiffs contend that Defendants failed to provide Bengali-language Democratic ballots to voters during the 2020 Primary Election at Community Center from 7 AM until 6 PM, when a poll worker found the Bengali-language Democratic ballots under stacks of other items on the poll workers' table. Only Bengali-language Republican ballots were available to voters all day;

B. Defendants failed to provide complete and accurate translations of Bengali-language sample ballots and instructions, for example, Plaintiffs contend that Defendants failed to distribute accurate 2020 General Election Bengali-language sample ballots: the Bengali-language sample ballots were rendered incomprehensible because they included misspellings, misplaced diacritics, and vowels in the wrong places;

C. Defendants failed to recruit, hire, train, and assign adequate numbers of Bengali-speaking bilingual poll workers and interpreters to assist limited English proficient Bangladeshi-Americans at poll sites for the full election day;

D. During the 2020 Primary Election, conducted during the global pandemic, Bengali-speaking bilingual poll workers were assigned to one precinct and were not permitted to provide Bengali language assistance to voters at the other two precincts in the Community Center;

E. During the 2020 General Election, also conducted during the global pandemic, Bengali-speaking bilingual poll workers were not at the Community Center until approximately 11 AM;

F. During the 2020 General Election, no Bengali-speaking bilingual poll workers were at the entrance of Community Center to render directional assistance to Bengali-speaking voters;

G. During the 2020 General Election, no Bengali-speaking bilingual interpreters were at the Community Center until approximately 7 PM to

5

        provide Bengali assistance, despite repeated requests made by Bengali community members;

H.     Plaintiffs contend that Defendants failed to adequately train all poll workers about voters' rights to Bengali-language forms, instructions, assistance, or other materials or information relating to the electoral process including ballots;

I.     Plaintiffs contend that Defendants failed to adequately train all poll workers to offer Bengali bilingual ballots to limited English proficient voters, and instead, trained poll workers to provide Bengali bilingual ballots only upon request;

J.     Plaintiffs contend that Defendants failed to adequately train all poll workers in cultural sensitivity and respect towards limited English proficient voters, and failed to prevent rude and hostile behavior and comments from poll workers toward limited English proficient voters and community members on election day;

K.     Plaintiffs contend that Defendants failed to provide adequate Bengali bilingual materials and signage at Community Center; including Bengali signs outside or inside the polling site and signage to help Bengali-speaking voters understand where, how, and from whom to seek language assistance; and

L.     Defendants failed to translate into Bengali the City Clerk's and Elections English-only websites.

7. Defendants are committed to complying fully with the requirements of Section 203 in future elections and stipulate that each remedial provision of this Consent Decree is appropriate in securing the rights of voters. Rather than spend its already scarce resources contesting these allegations in an expensive Federal Court proceeding, Defendants, in an effort to ensure greater voter participation and access to the polls, consents to the relief set forth herein.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343. The events or omissions giving rise to this claim arise under the laws under the laws of the United States. And, with regard to the § 1983 claim, Plaintiffs seek redress for the deprivation of a privilege secured by Section 203, under the color of State law.

9. The Defendants, their agents and successors in office, and all other persons acting in concert or participation with them, shall hereby also provide in Bengali any "registration or voting notices, forms, instructions, assistance or other materials or information relating to the electoral process" that it provides in English, as required by Section 203 of the Voting Rights Act of 1965, as amended. 52 U.S.C.A. § 10503. The terms of this Consent Decree apply to all elections over which Defendants have authority. Whenever Defendants enter into an election services contract with another entity—whether it be a political subdivision or some other public or private entity—to conduct an election on behalf of the City, Defendants shall require such other entity to agree to abide by the terms of this Consent Decree as if such entity were a party to this Consent Decree.

**Translation of Election Related Materials**

10. All information that is disseminated by Defendants in English regarding "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 52 U.S.C.A. § 10503, shall also be provided in at least the "most widely used" Bengali dialects.[4] Defendants shall ensure that English and Bengali language election information, materials, and announcements provided by Defendants, including its websites, are made equally available to voters.

11. Defendants shall consult with trained translators who are familiar with Bengali terminology and the "most widely used" Bengali dialect in Hamtramck to produce clear and accurate written translations of English language election information. Defendants shall consult in a timely manner with the Advisory Group, discussed below, regarding the translation of any written and audio-recorded materials. Defendants shall, in consultation with the Advisory Group below, also develop and maintain a glossary of Bengali election terminology.

12. Defendants shall translate the names of each of the candidates running for office into Bengali on the official ballot, the sample ballot, and any other election material that Defendants provides that contains such names in English. Defendants shall consult with the Advisory Group, discussed below, when creating such translations to ensure that Defendants' candidate name translation is consistent with the Bangladeshi communities' translation of candidate name.

13. Defendants shall adopt a checklist, which is provided to poll workers at the start of the Election Day, identifying each written item-in Bengali that Defendants make available to the public in each precinct. The checklist shall include with respect to each item an attestation that the

---

[4] If and until the Program Coordinator and Advisory Group determine otherwise, such Bengali language/dialect for written materials will be Bangla/Shuddo.

poll workers at the precinct posted or made available to voters these materials in Bengali, or a detailed written explanation of why individual items had not been posted or were not available. The inspector for each precinct must complete and sign this document before he/she receives payment for work in the election, subject to applicable state and federal law. Defendants shall maintain a record of any such failure to complete and sign the checklist.

**Dissemination of Minority Language Information**

14. Defendants shall ensure that all Bengali and English language election related information, materials, and announcements issued by Defendants on its website, are made equally available. Bengali language information shall also be broadly distributed through any effective modality in the relevant minority language to the local population, such as print, radio or similar broadcast. Dissemination of these minority language announcements shall be in the form, frequency, and media to achieve notice and understanding equal to that provided to the English-speaking population and to provide substantially the same information.

15. Any voting system used by Defendants shall be multilingual, as described below. If Defendants use electronic voting machines, such machines shall offer the readily apparent option of using at least an English and Bengali ballot, and any audio version of the ballot on such machines shall be available at least in English and Bengali. Any paper ballots shall be printed in, at least, English and Bengali. Nothing herein prevents dissemination of any voting-related notices or materials in other languages.

16. If it is not mechanically feasible to have a Bengali bilingual ballot, the minority language ballots shall be clearly labeled so that poll workers can know the languages represented on the ballot. Defendants shall ensure that all ballots are made visible and available on an equal

9

basis with the principal ballots, and designated poll workers shall let each voter know the language choices of ballots available.

17. To the extent Defendants post instructions on casting a ballot or other election related information inside the voting booth, Defendants shall also provide and post that same information in at least Bengali in similar location and with similar visibility.

18. Sample ballots and other written election related materials mailed to voters shall be provided in at least Bengali to at least those voters who have requested or may request materials be mailed to them in the relevant minority language. The translated materials mailed to voters must include all of the information provided in the English language materials, and the minority language materials must be mailed out at the same time as the English language materials.

**Minority Language Assistance**

19. Defendants shall provide, during normal business hours, trained Bengali-speaking bilingual personnel who speak Bengali for citizens who contact Defendants by telephone three weeks before, during and three weeks after an election with questions regarding the election process. Defendants may coordinate the provision of such services with other governmental or non-governmental entities that conduct elections.

20. Defendants shall recruit, hire, assign, and train Bengali-speaking bilingual poll workers and interpreters, who are able to understand, speak the "commonly used" Bengali dialect in Hamtramck,[5] read, and write Bengali fluently, to provide assistance to limited-English proficient Bengali-speaking voters at the polls on election days.

---

[5] If and until the Program Coordinator and Advisory Group determine otherwise, such Bengali language/dialects for oral assistance will be Sylheti and Bangla/Shuddo.

21. Defendants and any entity conducting elections on its behalf, in addition to satisfying all requirements of Michigan state law and guidelines, shall meet the following standards for assigning Bengali-speaking bilingual poll workers and interpreters in Hamtramck's municipal elections:

    A. Defendants shall provide at least one Bengali-speaking poll worker for each of its seven precincts; and

    B. Defendants shall provide at least one Bengali-speaking interpreter for each of its four polling places, except Defendants shall provide at least two Bengali-speaking interpreters at the Community Center polling place. The interpreters will not be restricted to assisting voters in a specific precinct, but rather will have authority to assist any voter within the poll site, regardless of precinct. The interpreters employed by Defendants, as well as interpreters accompanying voters pursuant to Section 208 of the Voting Rights Act, may also assist the voters inside the booth, but may not conduct electioneering, campaigning, or engage in any other conduct prohibited by law.

    C. The parties may by written agreement adjust this requirement in light of confirmed information that the actual language need in a particular precinct is less or greater than this standard.

22. To avoid last-minute gaps in Bengali language coverage at the polls on election day due to bilingual poll workers who fail to report the polling place, Defendants shall employ Bengali-speaking bilingual personnel trained in Bengali election terminology who shall be on call and

available to travel to a polling place not staffed by a Bengali-speaking bilingual poll worker to provide any necessary assistance to a limited-English proficient Bengali-speaking voter.

23. Defendants shall post signs prominently in English and Bengali stating that minority language assistance is available. Bengali-speaking interpreters and poll workers shall be identified as such by wearing visible Bengali-language badges.

**Poll Worker Training**

24. Prior to each election, Defendants shall train all poll workers and other election personnel at the polls on the provisions of Section 203, including the legal obligation to make language assistance and materials available to minority language voters and to be respectful and courteous to all voters regardless of race, color, language abilities, or national origin. Defendants shall also train Bengali-speaking poll workers on election terminology in Bengali and how to interpret the ballot, voting instructions, and other election related information. Defendants shall maintain a record of which poll workers attend training sessions, including the time, location, and training personnel involved.

**Response to Complaints about Poll Workers**

25. Upon receipt of complaints, whether oral or written, Defendants shall investigate expeditiously any allegations of poll worker hostility toward minority language voters or poll workers in any election. Defendants shall report the results of each investigation to AALDEF in writing within thirty days of receiving the complaint. Where there is credible evidence that a poll worker has engaged in inappropriate treatment of minority language voters or poll workers, Defendants shall remove the poll worker.

**Program Coordinator**

26. Defendants shall retain or designate a Program Coordinator to coordinate Defendants' Bengali language election program. The Program Coordinator shall be able to understand, speak, write, and read fluently both in English and in the Bengali dialects identified herein.

27. The Program Coordinator shall work under the supervision of the City Clerk and their responsibilities shall include coordinating and reviewing the translation of ballots and other election information; developing and overseeing publicity in minority language, including selecting appropriate minority language media for notices and announcements; recruiting Bengali-speaking bilingual poll workers; and assessing the language proficiency of poll workers.

**Advisory Group**

28. Defendants shall form a Bengali Language Advisory Group to provide Defendants with information and assistance about how best to provide election related materials and assistance to Bengali-speaking communities. The Advisory Group shall be established and chaired by the Program Coordinator. The Program Coordinator shall invite participation from interested individuals and organizations who work with or serve the relevant minority language community to determine how most effectively to provide election materials, information, and assistance to minority language voters[6]. The Program Coordinator shall provide notice of all planned meetings to each member, including the date, time, location, and meeting agenda at least 14 days in advance, although members of the Advisory Group may agree to waive or shorten this time period as necessary. The Group shall meet at least once per month beginning six months before every

---

[6] Such organizations include, but are not limited to: Detroit Action; Rising Voices, a project of Tides Advocacy; APIAVote-Michigan; and any other interested organizations and individuals who serve the LEP Bangladeshi-American community in Hamtramck, MI.

13

election and continuing until one month after the election, but not less than two times in a calendar year.

29. Within five days after each meeting, the Program Coordinator shall provide a written summary of the discussion and any decisions reached at the meeting to all Advisory Group members and to the City Clerk. If the City Clerk decides not to implement an Advisory Group's suggestion or a consensus cannot be reached respecting such suggestion concerning Defendants' implementation of paragraphs 10-28 of this Consent Decree, the City Clerk shall provide to the Advisory Group through the Program Coordinator, and maintain on file, a written statement of the reasons for rejecting such suggestion.

30. The City Clerk or Program Coordinator shall transmit to all interested members of the Advisory Group copies, in English and Bengali, of all election information, announcements, and notices that are provided or made available to the electorate and general public and request that they share such information with others.

**Evaluation of the Program**

31. The parties recognize that regular and ongoing reassessment may be necessary in order to provide the most effective and efficient minority language program. The City Clerk, the Advisory Group and the City Manager shall evaluate the minority language election program after each election cycle to determine which aspects of the program are functioning well, whether any aspects need improvement, and how to make any needed improvements. The program may be adjusted at any time upon written agreement of the parties.

**Retention of Documents and Reporting Requirements**

32. Throughout the duration of this Consent Decree, Defendants shall make and maintain written records of all substantive actions taken pursuant to this Consent Decree. Such

documents, lists, and records shall be made available, upon reasonable notice, to AALDEF for inspection and copying.

33. Throughout the duration of this Consent Decree, at least twenty-one (21) days before each City-administered election, Defendants shall provide to AALDEF, via email, the following information: (a) the name, address, and precinct designation of each polling place; (b) the name and title of each poll worker appointed and assigned to serve at each precinct; (c) a designation of whether each poll worker is fluent in English and a foreign language, and an indication of what foreign languages are spoken by each poll workers; and (d) copies of any signs or other written information provided at polling places. Within thirty (30) days after each such election, Defendants shall provide to counsel for Plaintiffs a report that includes any changes in these items as well as information about all complaints Defendants received at the election regarding language issues.

**Implementation**

34. Defendants shall retain for a period of three (3) years after the expiration this Consent Decree and Order all records related to its implementation.

35. Effective Date: the effective date of the Consent Decree is the date of the Court's Order.

36. Term: The duration of this Agreement is four (4) years from the effective date.

37. The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Section 203. Within 60 days of the entry of this Consent Decree, Defendants shall, for the 2021-2022 fiscal year, submit a budget to the Court for all anticipated compliance activities. For each subsequent fiscal year until the expiration of the Consent Decree, Defendants

shall by June 30 submit updated budgets for that subsequent fiscal year's compliance activities. Defendants may, in their discretion, petition the Court for a judgment levy to cover any such budgeted costs. Plaintiffs contend that the foreseeable additional costs of the Consent Decree include hiring five (5) Bengali-speaking interpreters on Election Day, one (1) Bengali-speaking program coordinator, and up-front Bengali translations of the website and additional voting-related documents, not already translated by the state. The Consent Decree does not require the hiring of additional poll workers, instead it envisions replacing the hiring of one of the existing monolingual poll workers at each precinct with a Bengali-speaking bilingual poll worker, as described in paragraph 21.

38. Severability: If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

39. Successor Liability: This Consent Decree shall be binding upon the Defendants, its officials, agents, employees, successors, and any other person under the authority or control of the Defendants.

40. Authority: A signatory to this document in a representative capacity for the Defendants represents that he or she is authorized to bind the Defendants to this Consent Decree.

41. Entire Agreement: This Consent Decree constitutes the entire agreement between the Plaintiffs and the Defendants on the matters raised herein and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this Consent Decree is enforceable.

42. Limitation: This Consent Decree is not intended to remedy any other potential violations of the Voting Rights Act or any other law by the Defendants that is not specifically addressed in this Consent Decree.

43. Publicity: A copy of this Consent Decree or any information contained herein may be made available to any person, and the Parties may provide a copy of this Consent Decreet to any person upon request.

44. Costs: In the interests of both avoiding the costs of protracted litigation and directing Defendants' resources instead to this bilingual election program to meet the language needs of the Hamtramck voters for the upcoming election, plaintiffs' counsel has agreed to not seek the attorneys' fees to which they are entitled, but do seek the costs associated with this action, as the Court determines is just and proper.

45. Counterparts: This Consent Decree may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same Consent Decree, notwithstanding that each party is not a signatory to the original or the same counterpart.

46. Litigation Hold: The parties agree that, as of the effective date of this Consent Decree, litigation is not "reasonably foreseeable" concerning the Civil Action. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matter described in Paragraph 2, the party is no longer required to maintain such a litigation hold. Nothing in this Paragraph relieves either party of any other obligations imposed by this Consent Decree.

AGREED AND CONSENTED TO:

For Plaintiffs:

DETROIT ACTION;
And RAHIMA BEGUM


**Asian American Legal Defense and Education Fund ("AALDEF")**
 */s/ Susana Lorenzo-Giguere (w/consent)*
Susana Lorenzo-Giguere
Jerry Vattamala
99 Hudson Street
New York, NY 10013
Telephone: 212.966.5932
Facsimile: 212.966.4303
slorenzo-giguere@aaldef.org
jvattamala@aaldef.org

**Salvatore, Prescott, Porter and Porter**
*/s/*
Sarah Prescott
105 East Main Street
Northville, MI 48167
Telephone: 248.679.8711
Facsimile: 248.773.7280
prescott@sppplaw.com


For Defendants
CITY OF HAMTRAMCK, MICHIGAN;
OFFICE OF THE CITY CLERK
And the CITY CLERK, in his/her official
capacity as the City Clerk in the City Hamtramck

*/s/ James Allen (w/consent)*
**James Allen**

**JUDGMENT AND ORDER**

This Court, having considered Plaintiffs' claim under Section 203 of the Voting Rights Act of 1965, as amended, 52 U.S.C. § 10503(c), and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree, and hereby enters the relief set forth above and incorporates those terms herein.

This Order is a final judgment and closes this case, subject to oversight of the Court identified above.

ENTERED and ORDERED this ___ day of _ __, 2021.

/s/_____

Mark A. Goldsmith
UNITED STATES DISTRICT JUDGE